RECEIVED

MAR 2 3 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| PRECISION HOLDINGS, LLC | CIVIL ACTION NO. 6:08-CV-1474 |
| VERSUS | JUDGE DOHERTY |
| BRYAN R. BOURQUE and SUZANNE M. BOURQUE | MAGISTRATE JUDGE HILL |

**MEMORANDUM RULING and ORDER**

Currently pending before this Court is a Motion for Summary Judgment filed by plaintiff, Precision Holdings, LLC. [Doc. 22] In its motion, plaintiff argues "there exists no genuine issue of material fact that it (Precision) is entitled to a reimbursement of $162,491.21 which said amount reflects the overpayment of mineral royalties to the Defendants." [Doc. 22, p.1] Plaintiff's claim is brought pursuant to LA. CODE CIV. P. arts. 2299, *et seq.* (Payment of a Thing Not Due), and 2315 (Liability for Acts Causing Damages), or, in the alternative, pursuant to 2298 ("Enrichment Without Cause; Compensation). Precision alleges the following facts in support of its claim:

> On June 9, 2008, the Bourques sent a demand to Precision requesting payment of all mineral royalties owned. ... In response to this demand, Precision inadvertently issued a check to the Bourques in the amount of $165,337.21. The payment issued reflected production for the period of November, 2007 (date of first production from the Well) through May, 2008. ... As attested to by Stewart [Precision's Land Manager], Precision discovered the inadvertent error within thirty (30) days following the issuance of the payment of the Bourques' mineral royalties. As previously stated the actual amount of the royalties owed to the Bourques totaled $2,845.79. The difference between the payment issued and the attached amount owed totals $162,491.21. Precision has made several requests for the repayment of the excess royalties paid, all to no avail.

[Doc. 22-1, p.6]

1

Considering the burden of production associated with summary judgment motions, the legal presumptions which attach to evidence produced by a non-movant, and the prohibition against weighing evidence in this context, this Court finds there exist genuine issues of material fact in this matter, including, but not limited to, the following:

1. Plaintiff relies in its motion, in part, upon a Judgment of Possession, which allegedly recognizes George Broussard's heirs as owners of the mineral rights on the subject property. However, plaintiff merely describes the Judgment of Possession to this Court, rather than submitting a copy of same for this Court's review.[1] *See* Moore v. Willis Independent School Dist., 233 F.3d 871, 874 (5th Cir. 2000)("In reviewing all the evidence, the court must disregard all evidence favorable to the moving party that the jury is not required to believe,

---

[1] For example, plaintiff states:

> In the sale involving Darlene Joy Anderson (c), the Bourques acquired all of Anderson's rights, title and interest in lands situated in Irregular Section 41 (a portion of which comprises Unit Tracts 76, 77A, 78A, and 79A). This sale was transacted subsequent to the death of George Thomas Broussard but prior to a judgment of possession being rendered in connection with his succession. The Judgment of Possession rendered in connection with Broussard's succession placed Anderson in judicial possession of only an undivided one-half (½) interest in the "Section 41" lands, **less and except** any right to the minerals. [FN2] The Judgment of Possession created a mineral servitude as to all of the mineral rights in, to and affecting Anderson's undivided one-half (½) interest in and to Unit Tracts 76, 77A, 78A and 79A. With respect to Unit Tracts 76, 77A and 77B, the mineral servitudes previously created have prescribed and the mineral rights have reverted back to the Bourques. However with respect to Unit Tracts 78A, 78B, 79A and 79B, the minerals servitudes previously created and affecting these tracts have been perpetuated over the years and, thus, the mineral rights therein continue to be owned by the heirs of George Thomas Broussard.
>
>> [FN2] This Judgment of Possession was rendered pursuant to a Joint Stipulation whereby, in light of a petition to annul the last will and testament of George Thomas Broussard, Darlene Joy Anderson and the four children of George Broussard entered into a compromise and agreed that Anderson would receive an undivided one-half (1/2) interest in the surface of the decedent's separate property, with the exception that all of the right to the minerals would be vested in the children of the decedent.

[Doc. 22-1, pp. 3-4] Defendant counters the sale from Ms. Anderson to the Bourques was executed and recorded prior to the Judgment of Possession ("referenced by plaintiff, but not filed into evidence"), and "[p]laintiff has failed to set forth any basis by which the rights of defendants, which they acquired in this sale, could have been taken away by a subsequent Judgment of Possession" to which the defendants were not parties. [Doc. 27, p.2]

2

and should give credence to the evidence favoring the nonmoving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached.") Without, at the very least, a copy of the judgment of possession (and perhaps even the entire Succession record), this Court cannot determine why, in plaintiff's opinion, the Judgment of Possession recognized Ms. Anderson as having only a ½ interest in the surface rights (and no mineral rights) in the property at issue. For example, the mineral rights may have been excluded because Ms. Anderson had previously sold the property, including the mineral interests, to the Bourques. Or, the mineral rights may have been excluded because the court determined Ms. Anderson never had any ownership rights to the minerals on the disputed property. Such a determination requires a review of the underlying documents, and not just a synopsis of those documents by counsel.

2. Defendants argue "plaintiff has failed to show that Unit Tracts 78A and 79A are covered by either Oil, Gas and Mineral Lease granted by defendants." The Court is unable to determine whether or not this is an accurate statement of fact, as the unit map provided by plaintiff is illegible, and thus, the Court is unable to identify the various tract numbers listed on the plat.[2] Accordingly, there exists a genuine issue of material fact as to the property covered by the mineral leases, and thus summary judgment is inappropriate in this matter.[3]

3. Plaintiff argues, in a conclusory fashion, it "inadvertently issued a check to the Bourques in the amount of $165,337.21"; "the actual amount of the royalties owed to the Bourques totaled **$2,845.79**"; and thus, plaintiff is entitled to the difference of $162,491.21. [Doc. 22-1, p.6] The only documents plaintiff has submitted in support of its calculation of royalty payments are the affidavits of plaintiff's landman, William C. Stewart, and plaintiff's abstractor, Arthur C. LeBlanc, Jr. [Doc. 22, Exs. D, F] Mr. Stewart calculates the "amount [of royalties] that the Bourques should have been paid," based upon a "total production [of $8,542,836.21] for the applicable period less taxes and treating & transportation." [Id. at ¶ 13] However, no documents supporting the conclusory statements contained in the affidavit (*e.g.* "total production," the "taxes and treating & transportation") have been provided to the Court. Likewise, no documents have been provided to the Court to support the conclusory statements contained in Mr. LeBlanc's affidavit (*e.g.* his statements regarding certain public records of Vermillion Parish and what those records reflect, his statements regarding the surface and mineral ownership of the property at issue). Defendants' object to the use of the affidavits, both in their opposition to the summary judgment motion and in a subsequently filed motion to strike, on the basis that the affidavits violate FED. R. CIV. P. 26(a)(2)(A) and (B), FED. R. EVID. 702, and that "[t]he interpretation of such documents [regarding lease and

---

[2] In fact, this Court went so far as to create enlarged copies of the plat, yet it was still illegible.

[3] It is unclear to this Court whether the Bourque's are arguing they are entitled to 100% of their share of the royalties on these tracts of land due to the absence of an oil and gas lease when they state, "plaintiff has failed to show that Unit Tracts 78A and 79A are covered by either Oil, Gas and Mineral Lease granted by defendants."

3

|   |   |
|---|---|
|   | land ownership] is for the Court. [Docs. 27, p.3; 27-1, ¶¶ 13, 17, 18] *See e.g.* <u>Snap-Drape, Inc. v. C.I.R.</u>, 98 F.3d 194, 198 (5th Cir. 1996); <u>Goodman v. Harris County</u>, 571 F.3d 388, 399 (5th Cir. 2009)("[A]n expert may never render conclusions of law"). Accordingly, the Court finds genuine issues of material fact exist as to ownership rights of the disputed property and defendant's calculation of royalties owed. |
| 4. | In the section of its brief seeking, in the alternative, to recover under the theory of "unjust enrichment," plaintiff argues, in conclusory fashion, "In this case the overpayment of royalties lacks justification or a proper cause. A point of which this court should take judicial notice." The Court declines to take judicial notice of the foregoing, as the Court finds to do so would run afoul of FED. R. EVID. 201, as these are contested facts which plaintiff must prove at trial. Accordingly, plaintiff has failed to carry its burden of proof and show there is no genuine issue of material fact as to the fourth element of its *prima facie* burden, namely, "A [sic] absence of justification or cause for the enrichment and impoverishment...." [Id. at 9 (citing <u>Garber v. Badon & Ranier</u>, 981 So.2d 92 (La. 3rd Cir. 2008)] |
| 5. | Assuming plaintiff's brief is factually correct in its entirety, the Court is confused as to why plaintiff concedes the Bourques are indeed entitled to some amount of royalty payments (*i.e.* $2,845.79). Plaintiff states in the sale of the two tracts from Mr. Broussard to the Bourques, Mr. Broussard specifically reserved all mineral rights. [*See e.g.* Doc. 22-1, p.3] Plaintiff further argues the Bourques never acquired a valid interest in the mineral rights over the land sold to them by Ms. Anderson, due to the subsequently issued judgment of possession. Yet, plaintiff admits the Bourques are owed $2,645.79 in royalty payments. Do the Bourques own separate property (acquired from someone other than Ms. Anderson or Mr. Broussard) over which there exists a mineral lease within the same unit? Or, is plaintiff arguing the Bourques indeed are entitled to a portion of the mineral rights - *e.g.* a one half interest in the mineral rights constituting Ms. Anderson's portion of inheritance from her spouse. Or, did the Bourques obtain certain mineral rights from Mr. Broussard subsequent to the sale of the surface ownership? |
| 6. | Finally, defendants have attached a copy of the "Order of Probate of Statutory Testament" for the testament of George Broussard, as well as a copy of Mr. Broussard's "Last Will and Testament" to its opposition memorandum. [Doc. 27-5] The will, at least to this Court, appears to be internally contradictory. For example, Mr. Broussard first states: "I bequeath to my wife an undivided one-half (½) interest in any and all separate property which I may own at the time of my death as a marital deduction in accordance with the Internal Revenue Code." [Id. at Ex. D, Article 2] Of note, the will is silent as to any reservation of mineral rights, and thus, on its face, it appears Ms. Anderson inherited a ½ interest in the minerals contained in and under Mr. Broussard's separate property. The will subsequently states, "I bequeath to my children ... all of the disposable portion of my estate, subject to the usufruct in favor of my wife [over Mr. Broussard's residence]...." [Id. at Ex. D, Article 4] It is this court's understanding that the disposable portion of Mr. Broussard's estate consisted of all |

of his separate and community property that, less the forced portion for his forced heirs.[4] Was there a determination by the court presiding over the succession that Mr. Broussard's will was invalid, as any forced heirs were entitled to a greater portion of property than was designated in Mr. Broussard's will?

Due to the foregoing, the defendant's Motion for Summary Judgment shall be DENIED in its entirety. Additionally, plaintiff's Motion for Leave to file a reply memorandum [Doc. 29] is DENIED, as the proposed reply is unhelpful in answering any of the foregoing questions raised by the briefing. Finally, in light of the foregoing, the pending Motion to Strike filed by defendants [Doc. 28] is DENIED as MOOT.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 23 day of March, 2010.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[4]The Court notes the "Order of Probate" is dated July 1, 1988 - prior to revisions to the Louisiana Civil Code which redefined forced heirs and the calculation of the forced portion. *See e.g.* 10 Kathryn Venturatos Lorio, Louisiana Civil Law Treatise § 10:2 (2009-2010 ed.).